### STATE v. REESE WRIGHT.

(Filed 27 November, 1907).

1. **Murder—Evidence.**

  Upon the trial, under an indictment for murder, in the Superior Court, when there is testimony upon both sides as to whether or not the defendant struck the deceased, it is immaterial and irrelevant, under the defendant's contention, as to deceased's having testified before the committing magistrate, before his death, "He did not know who struck him," the dying declarations of the deceased not being offered in evidence.

2. **Appeal and Error — Instructions — Judge's Charge — Language of Judge.**

  When done in a respectful manner, it is not reversible error in the Judge below to speak of one of the defendant's witnesses as "the Smith woman."

INDICTMENT for murder, tried at July Term, 1907, of the Superior Court of CATAWBA County, before *Ward, J.,* and a jury.

The defendant was convicted of murder in the second degree. From the judgment and sentence he appealed.

*Assistant Attorney-General Clement* for the State.
*Self & Whitener* for defendant.

BROWN, J. The defendant was convicted of murder in the second degree for the killing of one Lowry.

There are only two assignments of error:

First. Four witnesses for the State testified that the prisoner is the person who struck the deceased; that he picked up something from the ground, threw it at Lowry and hit him while Lowry and the prisoner were in a quarrel.

The prisoner, his wife and two other witnesses, Tom Smith and his wife, testified that there was no quarrel between deceased and the prisoner, and that the prisoner did not throw anything at Lowry or any one else.

The prisoner offered to show that, on his trial before the Mayor of Hickory, a day or two thereafter, on a charge of having assaulted Lowry, Lowry, introduced as a witness for the State, testified that he "did not know who hit him." The Court, upon objection by the Solicitor, refused to admit this testimony, and prisoner excepted.

It is unnecessary to consider the effect of the failure of the committing magistrate to reduce the evidence to writing and have it signed by the witnesses, as required by the statute, and as to whether such failure will necessarily deprive either the State or defendant of the benefit of Lowry's evidence, testified to before the Mayor during life. The evidence is irrelevant and immaterial and proves nothing. The State had not offered the dying declarations of Lowry to prove that defendant was the person who hit him. Lowry's ignorance as to who hit the blow does not in the least tend to contradict the positive testimony of the State's witnesses, who testify that the defendant is the person who did it.

Second. His Honor, in referring to the testimony of the prisoner's witness, Ila Smith, spoke of her as "the Smith woman." The record states that this language was used in a respectful manner. The point made on the prisoner's behalf is that the jury may not have understood the reference to be "respectful."

We do not think the manner of referring to the witness tended to prejudice the defendant in the least, and we have

no idea that the conscientious Judge who presided ever had the slightest purpose of being discourteous to any witness, however humble in the walks of life. It is frequently the case in *nisi prius* trials that witnesses are referred to without "putting a handle to their names."

We find nothing in the record of which the defendant can justly complain.

No Error.